RINKE v. UNION SPECIAL SCHOOL DISTRICT No. 19.

Opinion delivered May 16, 1927.

1. EMINENT DOMAIN — INSTRUCTION AS TO MARKET VALUE. — An instruction that the amount a school district should pay for land condemned for school purposes would be its fair cash market value at the time of taking, allowing a reasonable time within which to effect a sale, *held* not erroneous.

2. EMINENT DOMAIN—MEASURE OF DAMAGES.—The measure of a landowner's compensation is the market value of the land at the time of taking for all purposes, including its availability for any use for which it is plainly adapted, as well as the most valuable purpose for which it can be used.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*Ben F. Reinberger,* for appellant.

*Miles & Taylor,* for appellee.

KIRBY, J.   This is a proceeding on the part of the Union Special School District No. 19 to condemn four acres of land of appellant for an additional site and grounds for conduct of its school, at the time located on an acre and a quarter of land, which was inadequate for the purpose.

The court required $250 deposited in its registry for the payment of damages to be assessed. Judgment was rendered in favor of the owners of the land, fixing

compensation at $400, from which this appeal is prosecuted.

Many witnesses testified, and there was a wide range of opinions as to the value of the land taken, varying from $50 to $400 an acre.

No proper exceptions were saved and carried into the motion for a new trial, although objection was made to the introduction of some and the exclusion of other testimony.

Appellants insist that the court erred in its instructions to the jury, seeming to complain of that paragraph of the instructions telling the jury "the amount of money that the school board ought to pay would be the fair cash market value of the land at the time of the taking;" * * * "the market value is what the land would be reasonably worth on the market for a cash price, allowing a reasonable time within which to effect a sale."

The Constitution provides that private property shall not be taken for public use "without just compensation therefor," (art. 2, § 22, Constitution) nor "appropriated to the use of any corporation until full compensation therefor shall be first made to the owner, in money, or first secured to him by a deposit of money." Art. 12, § 9, Constitution.

The law provides the procedure for the assessment of damages or fixing the compensation for the land taken, and just compensation is held, by a long line of our decisions, to be the actual market value of the land at the time of the institution of the condemnation proceedings, and, since the compensation was to be paid in money, no error was committed in the court's telling the jury that the amount of money the school board ought to pay would be the fair cash market value at the time of the taking, stating it to be what the land would be reasonably worth on the market for a cash price, allowing reasonable time within which to effect the sale.

The court further instructed the jury, giving the rule announced in *Ft. Smith & Van Buren Dist.* v. *Scott*, 103 Ark. 405, 147 S. W. 440, as follows:

"The measure of the owner's compensation for the land condemned is the market value thereof at the time of the taking, for all purposes, comprehending its availability for any use to which it is plainly adapted, as well as the most valuable purpose for which it can be used and will bring most in the market."

It was the province of the jury to determine the reasonable market value of the land, based on the statements of the witnesses testifying thereto, and, although they greatly discounted the opinions of witnesses that appeared unreasonable and extravagant, they fixed the amount of compensation under instructions properly declaring the law, and the verdict cannot be said to be other than just compensation for, or the fair market value of, the land taken.

We find no error in the record, and the judgment is affirmed.